**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § | |
| | § | Civil Action No. 6:13-cv-508-LED |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § | Judge Leonard Davis |
| LG ELECTRONICS, INC., et al., | § § | |
| Defendants. | § | |

**<u>DEFENDANTS' JOINT REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Cellular Communications Equipment LLC's ("CCE's") Opposition to Defendants' Motions to Dismiss ("Opp.") ignores the case law mandating that its boilerplate allegations of indirect and willful infringement be dismissed. CCE also injects entirely new factual allegations through its Opposition, confirming that its Complaints are deficient. At a minimum, CCE's failure to sufficiently allege pre-suit knowledge of the asserted patents mandates that *any* liability for indirect infringement must be limited to the post-filing period.

I.      **ARGUMENT**

      A.      <u>CCE's Induced Infringement Claims Should Be Dismissed</u>

CCE improperly attempts to introduce new allegations through its Opposition. These newly alleged facts cannot cure CCE's failure to sufficiently plead two essential elements of inducement: (1) Defendants' specific intent for a third party to infringe the asserted patents; and (2) Defendants' knowledge that the third party's acts constituted infringement.

First, CCE does not sufficiently allege intent, disregarding the *Twombly/Iqbal* requirements by claiming CCE "need not identify specific documents to prove intent." Opp. at 6. In its Opposition, CCE attempts to add new factual details that discuss the *medium* of Defendants' "instructional materials"—that Defendants "tell their customers how to use the accused products" "online" and via "manuals"—rather than *actually identifying an instruction related to the asserted patents*. CCE's threadbare allegations, however, only recite the elements of the cause of action with the barest of changes, and do not permit the reasonable inference that Defendants are liable for the misconduct alleged. Second, CCE addresses the wrong issue, arguing that a "plausible inference that Defendants had knowledge of the *patents*" satisfies the knowledge requirement. Opp. at 6 (emphasis added). In fact, "the knowledge requirement for inducement refers to the inducer's knowledge of the induced third party's infringing acts, not

1

knowledge of an inducer's own inducing conduct." *Compound Photonics, LTD v. Sony Corp.*, No. 6:11-cv-552-LED-JDL, slip op. at *8 (E.D. Tex. June 5, 2013). CCE's reliance on *Achates* is misplaced. *Achates* did not hold that the knowledge element could be satisfied merely based on alleged knowledge of the *patents* as opposed to the *third party's acts*; it determined that the required knowledge of the third party's acts could be inferred where the defendants' customers were sold a product containing a component that would be ineffective in achieving its purpose if a specific, infringing customer step was not mandatory.[1] *Achates Reference Publ., Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143, at *10 (E.D. Tex. Jan. 10, 2013). CCE has not alleged that the accused products contain such a critical component. Indeed, CCE's Complaints offer no description of the alleged invention, much less a description of any particular action allegedly "instructed" by Defendants and performed by their customers.

      B.     <u>CCE's Contributory Infringement Claims Should Be Dismissed</u>

CCE ignores the *Twombly/Iqbal* requirements that contributory infringement claims must be supported with specific factual allegations. At the pleading stage, "a plaintiff must . . . plead facts that allow an inference that the components . . . have no substantial non-infringing uses." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). "[T]he inquiry focuses on whether the accused products can be used for purposes other than infringement." *Id.* at 1338. A claim for contributory infringement that "does not identify the components used in the infringing method" and does not "allege any facts adequate for the Court to find an inference that such components have no substantial non-infringing uses" must be dismissed. *InMotion Imagery Techs. v. Brain Damage Films*, 2:11-CV-414-JRG, 2012

---

[1] In *Achates*, the plaintiff asserted patents allegedly covering "activation" of a software product. The Court reasoned that "[i]n order to be an effective anti-piracy countermeasure, [defendant's] software products must require that the activation step be mandatory. Therefore, it is reasonable to infer that [defendant] encourages its customers to use its software products and complete the activation step." 2013 U.S. Dist. LEXIS 27143, at *10.

WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012). CCE's Complaints fail to meet either standard.

CCE's Complaints allege no facts that would allow an inference or inquiry regarding use of the accused products for non-infringing purposes. Instead, CCE improperly attempts to add factual details in its Opposition and incorrectly suggests that CCE can ignore the pleading requirements until "after discovery." Opp. at 7-8. Moreover, CCE's allegations that Defendants "instruct[] customers and end users" to infringe imply that the accused products *have* substantial non-infringing uses. *See U.S. Ethernet Innovations, LLC v. Digi Int'l Inc.*, No. 6:12-cv-366-MHS-JDL, 2013 U.S. Dist. LEXIS 114309 at *14 (E.D. Tex. Feb. 7, 2013). CCE ignores this, instead relying on *Achates* to suggest that contributory infringement can be inferred from "adequate facts" in the Complaints "that the … component has no other use than to perform the method steps." Opp. at 8. In *Achates*, however, the Court was able to describe the "activation component" in question, 2013 U.S. Dist. LEXIS 27143, at *8-9; CCE's Complaints are devoid of factual allegations describing any components.

    C.    <u>CCE's Willful Infringement Claims Should Be Dismissed</u>

CCE argues that it can plead willful infringement by alleging only direct infringement and pre-filing knowledge of the asserted patents, and suggests that it need not allege any objectively reckless behavior or circumstance. Opp. at 9. CCE is incorrect; a good faith willfulness allegation requires an "allegation that [Defendants] acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Touchscreen Gestures LLC v. RIM Ltd.*, No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080, at *5-6 (E.D. Tex. Mar. 27, 2013); *see Oasis Research, LLC v. Adrive, LLC*, No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80483, at *14-15 (E.D. Tex. May 23, 2011). CCE also ignores the ample authority that the boilerplate language in its Complaints is insufficient. *See* Motion at 9-11.

Furthermore, CCE's allegations are insufficient even to establish pre-suit knowledge of the asserted patents, a required element of willfulness. *In re Seagate Tech.*, LLC, 497 F.3d 1360, 1374 (Fed. Cir. 2007). CCE's allegations of pre-suit knowledge of the '9923, '962, '174, and '820 Patents rely almost entirely on details wholly absent from the Complaints, and collectively provide only a speculative possibility that Defendants obtained knowledge of those patents.

D. CCE's Allegations of Activity Prior to Filing of the Complaints are Insufficient

One defect common to all of the inducement, contributory, and willful infringement allegations is CCE's failure to sufficiently allege pre-suit knowledge of the asserted patents. First, CCE concedes that no pre-suit knowledge of the '804 Patent was alleged. Opp. at 3. Second, CCE's argument that it alleged pre-suit knowledge of the '9923, '962, '174, and '820 Patents depends almost entirely on factual claims that were wholly absent from the Complaints.[2] In its Complaints, CCE's sole allegation of pre-suit knowledge is its claim that these four patents were disclosed to "3GPP." *In its Opposition*, CCE newly dubs these patents as being "declared essential to practice a standard" and argues for the first time that Defendants "garnered pre-suit knowledge by virtue of their involvements [sic] with a standards-setting organization called the 3rd Generation Partnership Project (or '3GPP')."[3] Opp. at 4. *In its Complaints*, however, CCE did not allege *any* facts about 3GPP (not even its full name), much less that 3GPP routinely redistributed patent disclosures to its members or that 3GPP redistributed these specific patents to these Defendants. Indeed, CCE does not even allege that Defendants are 3GPP members; it only alleges that they might be, or are "affiliated with" members. Neither Defendants nor the Court can reasonably infer that alleged disclosures of these patents to "3GPP"—an acronym with

---

[2] CCE does not allege indirect or willful infringement for the '8923 patent.

[3] CCE further alleges, *for the first time*, that the "3GPP solicits identification of standard essential patents," Opp. at 4, that Defendants "received actual notice of the standard essential patents at issue here," *id.*, that "it is well-known that 3GPP not only develops and publishes wireless communications standards, but actively encourages and solicits disclosure of patents essential to its work and maintains a register of such patents," *id.* at 5, and that each asserted patent "has exceptional significance to 3GPP members." *Id.*

no context or explanation—resulted in Defendants acquiring actual knowledge of the patents.

CCE's allegations in its Complaints regarding the 3GPP are mere "'naked assertions' devoid of 'further factual enhancement'" that are not entitled to a presumption of truth, and do not permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 556). Accordingly, CCE's indirect infringement and willfulness claims do not "give[] rise to anything more than a conceivable possibility of [pre-suit] knowledge" and should be dismissed. *Rembrandt Soc. Media, LP v. Facebook, Inc.*, No. 1:13-cv-158, 2013 WL 2950342, at *5 (E.D. Va. June 12, 2013). CCE cannot distinguish *Rembrandt* with factual details alleged solely in the Opposition. *See* Opp. at 5. But even if new facts could be properly considered, CCE's new allegation that Defendants received "actual notice" of these four patents is based merely on Defendants'—or even more ambiguously, their affiliates'—*association* with 3GPP. CCE never actually alleges that the 3GPP or any related person or entity disclosed any of these patents to Defendants.

Because CCE alleges neither that Defendants had pre-suit knowledge of one patent, nor facts sufficient to provide more than a speculative possibility that Defendants had pre-suit knowledge of the other four, CCE's willful and indirect infringement claims should be dismissed. At a minimum, CCE cannot recover damages for those claims allegedly accrued prior to the Complaints' filing. *E.g., Execware LLC v. Staples Inc.*, No. 1:11-cv-00836-LPS-SRF, at *10, 12 (D. Del. Dec. 12, 2012) (slip copy) (recommendation adopted Jan. 16, 2013).

## II. CONCLUSION

Defendants respectfully request that the Court dismiss CCE's claims of indirect and willful infringement. Alternatively, Defendants respectfully request the Court rule that CCE cannot recover for any alleged damages prior to filing of the Complaints.

Dated: November 12, 2013               Respectfully submitted,

/s/ Jamie B. Beaber
Jamie B. Beaber (D.C. Bar No. 484186)
Kfir B. Levy (D.C. Bar No. 989212)
Harry Hyunho Park (D.C. Bar No. 1001724)
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-6286
Facsimile: (202) 429-3902
jbeaber@steptoe.com
klevy@steptoe.com
hpark@steptoe.com

/s/ Michael Jones
Michael Jones State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON P.C.
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.**

/s/ Christopher W. Kennerly
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
Jeffrey G. Randall
CA Bar No. 130811
jeffrandall@paulhastings.com
Paul Hastings LLP
1117 S. California Ave.
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

S. Christian Platt
CA Bar No. 199318
christianplatt@paulhastings.com
Paul Hastings LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121-3114
Telephone: (858) 458-3034
Facsimile: (858) 458-3134

**COUNSEL FOR DEFENDANT AT&T MOBILITY LLC**

SMITH WEBER, L.L.P.

/s/ Robert W. Weber
Robert W. Weber
Texas State Bar No. 21044800
5505 Plaza Drive
P.O. Box 6167
Texarkana, TX 75505-6167
Tele: (903) 223-5656
Fax: (903) 223-5652
Email: bweber@smithweber.com

and

ROUSE HENDRICKS GERMAN MAY PC

/s/ Mark W. McGrory
Mark W. McGrory     *(pro hac vice)*
1201 Walnut, 20th Floor
Kansas City, MO 64106
Tel: (816) 471-7700
Fax: (816) 471-2221
Email: MarkM@rhgm.com

**Attorneys for Defendants Sprint Nextel Corporation, Sprint Solutions, Inc., Sprint Spectrum L.P., and Boost Mobile, LLC**

/s/ Melissa R. Smith
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Phone: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

**Attorneys for T-Mobile USA, Inc. and T-Mobile US, Inc.**

Of Counsel:

John C. Hueston
Douglas J. Dixon
IRELL & MANELLA LLP
840 Newport Center Dr., Ste. 840
Newport Beach, CA 92660
Phone: (949) 760-0991
Fax: (949) 760-5200
JHueston@irell.com
DDixon@irell.com

Ellisen S. Turner
Benjamin Haber
IRELL & MANELLA LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, CA 90067
Phone: (310) 277-1010
Fax: (310) 203-7199
ETurner@irell.com
BHaber@irell.com

**Attorneys for T-Mobile USA, Inc. and T-Mobile US, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 12th day of November, 2013. As of this date all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Christopher W. Kennerly

Christopher W. Kennerly